**IT IS ORDERED as set forth below:**



**Date: August 26, 2021**

_____
**Wendy L. Hagenau**
U.S. Bankruptcy Court Judge

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-69324-WLH |
| ANTOINE FITZGERALD GROSS, | CHAPTER 13 |
| Debtor. | |
| IDEAL DEVELOPMENT CONCEPTS, LLC, | ADVERSARY PROCEEDING NO. 20-6265-WLH |
| Plaintiff, | |
| V. | |
| ANTOINE FITZGERALD GROSS, | |
| Defendant. | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (the "Motion") (Doc. No. 25) filed on July 13, 2021 to determine its claim is nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(4). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

## I.  FACTS

The following facts are undisputed based on the parties' submissions. A fire significantly damaged Mr. Antoine Gross' home located at 1333 Jimson Circle, Conyers, GA 30013 on November 19, 2015. Five days later, Gross signed an agreement with Ideal Development Concepts LLC (hereinafter "Ideal") authorizing it to perform cleaning, repair, and restoration services to his residence for the contracted price of $242,895.96. The payment terms required Gross to assign all insurance monies from his insurer USAA to Ideal, via USAA's servicing agent Select Portfolio Services Inc.

In February 2016, Gross asked Ideal to stop working and retained Smith Bailey Restoration to complete the unfinished work. On February 8, 2016, USAA sent Gross a check for $49,605.24; a second check for $19,483.83 was sent to Gross on November 25, 2016. The checks listed both Gross and Ideal as payees and were endorsed with Gross' wet signature and a stamp containing the words "Ideal Development Concepts." Gross deposited both checks into his personal account with Navy Federal Credit Union.

On August 25, 2020, Gross filed a petition under Chapter 13 of the United States Bankruptcy Code and listed a debt for $69,089.07 to Ideal as unsecured debt. On November 20, 2020, Ideal filed an adversary proceeding seeking to classify the Ideal debt as non-dischargeable pursuant to 11 U.S.C. §523(a)(4) and 11 U.S.C. §523(a)(2)(A). Ideal filed the Motion on July

13, 2021. Gross filed a response in opposition on August 10, 2021. For the reasons stated below, the Court denies the Motion.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). The movant must establish by a preponderance of the evidence that the record—pleadings, depositions, admissions, and affidavits, if any—demonstrates the absence of a genuine material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is "genuine" if a rational trier of fact could find for the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256 (11th Cir. 2004). Materiality is present where the issue(s) could affect the outcome of the case. Id.

"If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that genuine issues of material facts exist." Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1994). On motions for summary judgment, the Court cannot weigh the evidence to determine witness credibility and the like; such issues are reserved for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In addition, the court must review the evidence in the light most favorable to the non-moving party and draw all inferences therefrom. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).

## III.    DISCUSSION

A primary purpose of bankruptcy is to provide honest but unfortunate debtors with a fresh start. Wood v. Wood, (In re Wood), 245 Fed. Appx. 916, 917 (11th Cir. 2007) (citing Grogan v. Garner, 498 U.S. 279, 286-87 (1991)). In furtherance of that goal, the Code excepts

certain debts from discharge when the debtor uses dishonest means to obtain credit, money, or services.

      a. The undisputed facts do not prove by a preponderance of the evidence Defendant feloniously took the checks with the intent to permanently deprive Ideal, as required to establish larceny under 11 U.S.C. § 523(a)(4).

Section 523(a)(4) of the Bankruptcy Code provides a discharge exception for debts obtained, "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." However, "larceny or embezzlement need not be in a fiduciary capacity to be nondischargeable; ordinary larceny or embezzlement will suffice." Littleton v. Littleton (In re Littleton), 942 F. 2d 551, 555 (9th Cir. 1991). Larceny is "a felonious taking of property with the intent to convert it or to permanently deprive the owner of it." Riddle v. Riddle (In re Riddle), 2011 WL 2461896, at *4 (Bankr. N.D. Ga. Apr. 6, 2011). Ideal, as Plaintiff, has the burden of establishing both a wrongful taking and fraudulent intent. Rose v. Rose (In re Rose), 934 F.2d 901, 903 (7th Cir. 1991).

In the Motion, Ideal asserts that Gross committed larceny when he forged Ideal's stamp on two check endorsements and deposited the monies into his personal checking account with Navy Federal Credit Union. Yet, Gross asserts that he did not forge Ideal's stamp and that he had the consent from Ideal's agent to cash the checks. Both elements of larceny—the wrongfulness of the taking and fraudulent intent—are in dispute. The issue for the Court will be the credibility of the witnesses which must be assessed based on live testimony. In re City Communications, Ltd., 105 B.R. 1018, 1024 (Bankr. N.D. Ga. 1989). Thus, Ideal has failed to meet its burden in establishing the absence of a genuine material fact; accordingly, summary judgment is not warranted under Section 523(a)(4).

      b. The undisputed facts do not prove by a preponderance of the evidence Gross used false pretenses, false representations, or actual fraud to obtain the monies within the meaning of Section 523(a)(2)(A); and, accordingly, summary judgment was not appropriate.

Section 523(a)(2)(A) provides a discharge exception for claims "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

To succeed in proving a false representation under Section 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the false representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the false representation.  <u>Presley v. Presley, (In re Presley)</u>, 490 B.R. 633 (Bankr. N.D. Ga. 2013).  "As distinguished from false representation, which is an express misrepresentation, false pretense involves an implied misrepresentation or conduct intended to create and foster a false impression[.]"  <u>Minority Equity Capital Corp. v. Weinstein (In re Weinstein)</u>, 31 B.R. 804, 809 (Bankr. E.D.N.Y. 1983).  To establish a claim under false pretenses, the creditor must prove: "(1) the [defendant] made an omission or implied misrepresentation; (2) promoted knowingly and willingly by the defendant; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff; (4) which wrongfully induced the plaintiff to advance money, property, or credit to the defendant." <u>Cawthon v. Cawthon, (In re Cawthon)</u>, 594 B.R. 913, 920 (Bankr. N.D. Ga. 2018).  Fraud is a generic term which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."  <u>Burke v. Burke, (In re Burke)</u>, 405 B.R. 626, 646 (Bankr. N.D. Ill. 2009).

In Eller v. Eller (In re Eller), 2013 WL 8220881 (Bankr. N.D. Ga. Nov. 26, 2013), a creditor sought summary judgment under the fraud discharge exception, claiming that defendants intentionally committed fraud when they deposited both an original and photocopied version of the same check for $29,925.  The defendants admitted to depositing the check the second time, but they contended it was in error and denied any fraudulent intent.  The Court found that summary judgment was inappropriate because there were genuine issues of material fact concerning the defendants' fraudulent intention.

As in Eller, Defendant admits to depositing the checks into his personal account but denies any fraudulent intent in doing so.  Ideal asserts that the Defendant obtained $69,089.07 under false pretenses, false misrepresentation, and actual fraud.  The fraud alleged by Ideal is the creation of a fraudulent business stamp to cash two checks without consent from Ideal.  As with the larceny discharge exception, Ideal has the burden of proving fraudulent intent; Gross contends he did not intend to defraud Ideal, did not create a business stamp and had Ideal's consent to deposit the check, all of which create a genuine issue of material fact which the Court must determine based on the credibility of the witnesses.  Because Ideal is required to establish each element of its claim by a preponderance of the evidence, the Court need not address the remaining elements.  Accordingly, summary judgment is not warranted under Section 523(a)(2)(A).

### IV.   CONCLUSION

For the reasons stated above

**IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Antoine Fitzgerald Gross
1333 Jimson Circle SE
Conyers, GA 30013

Ideal Development Concepts, LLC
3374 Lawrenceville – Suwanee Road
Suwanee, GA 30024

Stephen P. Fuller, Esq.
Attorney for Plaintiff
10475 Medlock Bridge Road
Suite 820
Johns Creek, GA 30097

Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue, Suite 120
SunTrust Garden Plaza
Atlanta, GA 30303